828 P.2d 349

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John ELLIOT, Defendant–Appellant.**

No. 19365.

Court of Appeals of Idaho.

March 31, 1992.

Dee, MacGregor & Fales, Kirk A. MacGregor, Grangeville, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review. John Elliot pled guilty to driving under the influence (DUI), charged as a felony upon the prosecutor's allegation that Elliot had been convicted twice previously of driving while under the influence during the preceding five years. I.C. §§ 18–8004(1)(a) and 18–8005(5). Elliot was committed to the custody of the Board of Correction for four years, with a two-year period of minimum confinement. On appeal, he contends that his sentence was an abuse of the court's discretion. We affirm.

Elliot's sentence is within the statutory maximum of five years permitted

for felony DUI. I.C. § 18–8005(5). An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

█ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we view Elliot's actual term of confinement as two years. Elliot must establish that under any reasonable view of the facts a period of confinement of two years for his conviction for felony DUI was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

█ On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). At the time Elliot was charged with this offense, he was on probation under a suspended sentence for a previous felony DUI. In fact he had five DUI convictions during the preceding eight years. In the process of receiving a psychological evaluation prior to his sentencing, he disclosed that he had been cited a total of 23 times for DUI in the past 22 years. At the time of sentencing, Elliot was 39 years old. The presentence report outlined a long history of alcohol abuse by Elliot and related various remedial actions since 1987 that were unsuccessful in an attempt to combat Elliot's problem. They included both long-term and short-term periods of incarceration, an inpatient program at the Alcohol Treatment Unit at the state hospital, outpatient treatment at a private alcohol and drug center, ordered participation in Alcoholics Anonymous, and prescribed medications (Antabuse and antidepressants). The report noted that the only time Elliot was sober for a six-month period was while he was incarcerated but, on his release, he lapsed back into alcohol usage.

The court indicated that a fixed term of five years confinement should be required as a sentence in Elliot's case, but instead acceded to the prosecutor's recommendation by imposing a four-year sentence with two years' minimum confinement.

█ It is clear in this case that the court appropriately considered the nature of the offense and the character of the offender in pronouncing the sentence. Although Elliot argues on appeal that the court placed greater emphasis upon the sentencing factors of deterrence and retribution rather than protection of society and rehabilitation, we have held that a sentence need not serve all the sentencing goals; indeed, the goals of retribution and deterrence "by themselves, are sufficient to justify the sentence." *State v. Waddell,* 119 Idaho 238, 241, 804 P.2d 1369, 1372 (Ct.App.1991). Reviewing the record in this case, we cannot say the court below abused its discretion. The sentence imposed by the court was reasonable.

Accordingly, the judgment of conviction and sentence are affirmed.