943 P.2d 929

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Curtis GREEN, Defendant–Appellant.**

No. 22789.

Supreme Court of Idaho,
Boise, May 1997 Term.

Aug. 7, 1997.

Van G. Bishop, Canyon County Public Defender, Nampa, for defendant–appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for plaintiff–respondent.

SILAK, Justice.

Appellant Curtis Green (Green) appeals from a judgment of conviction entered after he pled guilty to one count of aggravated battery. Green claims that he was not competent to stand trial and that the district court should not have accepted his plea. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

In April 1995, Green broke into his ex-wife's parents' home, entered the bedroom where both were asleep, and physically assaulted his ex-father-in-law. Green bit and choked his ex-father-in-law, and during the attack shouted that he was "Lord Master of the Universe, Third Rock From the Sun." He also shouted "I am going to kill you" and exhibited other bizarre behavior. Green was arrested and charged with one count of aggravated battery and one count of burglary.

At the parties' request, the district court ordered a psychiatric evaluation of Green pursuant to I.C. § 18–211 to determine whether he was competent to stand trial. Dr. Clay Ward, a psychologist, examined and evaluated Green and issued a written report. Dr. Ward concluded that Green was "probably competent to enter a plea and discuss legal options." However, Dr. Ward also concluded that Green was not "competent to

withstand the stress of a trial", and that "he would not be able to assist in his defense with any further increase in his psychotic symptoms. He does not appear to be fully stabilized at this time."

Based upon Dr. Ward's report, the district court determined that Green was competent to stand trial and set the case for trial. Counsel for Green then moved the court to reconsider its finding that Green was competent to stand trial. At the hearing on the motion to reconsider, Dr. Ward testified that Green would "have some problem" effectively discussing the facts of the case with defense counsel. Dr. Ward testified that these problems could arise because Green "has gaps of memories during periods in which he was acutely psychotic." Dr. Ward testified that Green would have those problems whether he was on or off his medication. Dr. Ward then essentially testified that if Green were on medication he would probably be able to follow and track the facts of the case as they developed through evidence, and may be able to understand the functions of the prosecutor, the trial judge, the jury and the defense attorney. Dr. Ward testified that if Green were off the medication, he may still be able to understand the basic process, but may not see it as relevant to himself.

At the conclusion of the hearing, the district court stated as follows:

Well, as Dr. Ward indicated, [Green's] probably going to have to be on this medication for life and was on it before this thing and it's indicated that the defendant is fearful of being taken off his medication.

So we have a situation where the defendant on medication—and I really don't have before me the issue of whether or not he can come off the medication. But on the medication, he has the intelligence to understand what's going on and probably would have the ability to assist.

Now, there's a possibility that he would get stressed out and it would come unglued on him. But that's always a possibility. And I certainly can't postpone prosecution to some day when that's not a possibility because there's probably never going to be a day like that where there's

not a possibility that stress—so I'm going to stay with my decision. I think that if he gets stressed out to where there's a problem at trial, then the Court can deal with it then. But I really don't see what options I've got except to try it because we certainly can't just postpone forever, particularly when the defendant is sitting here in custody in jail. We've got to do something other than what we're doing. He's sitting here in jail in Canyon County. That's not a good place for him.

Thus, the district court denied the motion for reconsideration, finding Green competent to stand trial.

In December 1995, Green changed his plea to guilty on the charge of aggravated battery, and the burglary charge was dismissed. At this court appearance, Green told the district court that he had not taken his medication for approximately a month. However, when asked by the court if Green had discussed his decision to change his plea with his attorney and whether he fully understood what was happening, Green responded affirmatively. The court then imposed a sentence of three years fixed and twelve years indeterminate. Green appeals.

## II.

## ISSUES ON APPEAL

1.  Whether Green waived his right to appeal the district court's ruling that he was competent to stand trial by entering an unconditional guilty plea.
2.  Whether Green has failed to preserve the issue of whether his guilty plea was entered on a knowing and voluntary basis since he did not move to withdraw that plea.

## III.

## ANALYSIS

A.  **Green Waived His Right To Appeal The District Court's Ruling That He Was Competent To Stand Trial By Entering An Unconditional Guilty Plea.**

■ Preliminarily, we note the test for determining whether a defendant is compe-

tent to stand trial. The test is "[w]hether a defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as factual, understanding of the proceedings against him." *State v. Daniel,* 127 Idaho 801, 803, 907 P.2d 119, 121 (Ct.App.1995) (citing *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). Further, Idaho law provides that no person who lacks the capacity to understand the proceedings against him or to assist in his own defense, due to mental disease, shall be tried, convicted, sentenced or punished for the commission of any crime during the period of such incapacity. I.C. § 18–210; *State v. Moore,* 126 Idaho 208, 211, 880 P.2d 238, 241 (1994).

■ In the present case, Green argues that the district court erred in finding him competent to stand trial on the charges of aggravated battery and burglary. Although there may have been a viable issue as to whether the district court correctly found Green competent to stand trial and correctly accepted Green's guilty plea, we hold that Green has waived his right to appeal the district court's ruling due to his unconditional plea of guilty to aggravated battery in exchange for the dismissal of the burglary charge.

■ Ordinarily, a plea of guilty, if voluntarily and knowingly made, is conclusive as to the defendant's guilt and waives all non-jurisdictional defects in prior proceedings against the defendant. *Clark v. State,* 92 Idaho 827, 832, 452 P.2d 54, 59 (1969). However, a defendant may preserve such defects or issues by entering a conditional guilty plea pursuant to I.C.R. 11(a)(2). That rule provides:

> [W]ith the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling. If the defendant prevails on appeal, the defendant shall be allowed to withdraw defendant's plea.

In a case similar to the one at bar, *State v. Sengthavisouk,* 126 Idaho 881, 893 P.2d

828 (Ct.App.1995), the defendant was charged with first degree murder for the shooting of his wife. In preparation for trial, Sengthavisouk's attorney moved for a psychological evaluation, and specifically requested the appointment of a psychiatrist from Portland, Oregon who specialized in Laotian refugees of which Sengthavisouk was one. The district court granted the motion for the evaluation but appointed a local doctor. Thereafter, pursuant to a plea agreement, Sengthavisouk pled guilty to second degree murder. After Sengthavisouk was sentenced, he appealed arguing that his due process rights were violated when the district court ordered the psychological evaluation by the local doctor rather than the doctor specializing in Laotian refugees. 126 Idaho at 882–83, 893 P.2d at 829–30.

The Court of Appeals affirmed the judgment of conviction. The Court found that when Sengthavisouk entered his plea of guilty to the reduced charge of second degree murder, he did not condition his plea to the amended charge on the right to appeal the district court's order appointing the local doctor. Thus, the Court held that because Sengthavisouk entered a general plea of guilty and failed to condition that plea pursuant to I.C.R. 11(a)(2), he was now prohibited from challenging the district court's adverse ruling. *Id.* at 883, 893 P.2d at 830. *See also, State v. Garcia,* 126 Idaho 836, 837, 892 P.2d 903, 904 (Ct.App.1995) (Court held that Garcia's unconditional guilty plea waived right to appeal adverse ruling on issue of speedy trial pursuant to I.C.R. 11(a)(2)).

In the present case, if Green had wished to appeal the district court's ruling which found him competent to stand trial, he should have sought to enter a conditional plea of guilty to preserve the right to appeal pursuant to I.C.R. 11(a)(2), as opposed to entering an unconditional guilty plea. Because he did not do so, his claim of error is waived.

**B. The Issue Of Whether The District Court Erred In Accepting Green's Guilty Plea Is Not Properly Before The Court Since Green Did Not First Move To Have The Plea Withdrawn.**

Before a trial court can accept a guilty plea, it must first establish, on the record, that the plea is being made knowingly and voluntarily; that the defendant was informed of the consequences of the plea, including maximum punishments; that the defendant was advised he would be giving up his right to a jury trial and to confront witnesses; that the defendant was informed of the nature of the charge against him; and that no promises were made to the defendant regarding leniency. I.C.R. 11(c); *State v. McCoy,* 128 Idaho 362, 366, 913 P.2d 578, 582 (1996).

If a defendant disputes that his guilty plea was voluntarily or knowingly made, or disputes any of the other factors listed above, he may move to have the guilty plea withdrawn pursuant to I.C.R. 33(c). That rule provides:

> [A] motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea.

Thus, before this Court can decide whether a guilty plea was appropriately accepted, the issue must be preserved by the defendant by first moving to have the plea withdrawn. *See State v. Fisher,* 123 Idaho 481, 485, 849 P.2d 942, 946 (1993) ("We will not review a trial court's alleged error on appeal unless the record discloses an adverse ruling which forms the basis for the assignment of error.") Because Green did not seek to withdraw the guilty plea below, we hold that the question of the validity of the plea is not appropriately before this Court now.

**IV.**

**CONCLUSION**

We hold that Green waived his right to appeal the district court's ruling that he was competent to stand trial since he entered an unconditional, rather than a conditional, guilty plea.

We further hold that the issue of whether the district court erred in accepting Green's

plea of guilty is not properly before the Court since Green did not first move to withdraw that plea.

Accordingly, the judgment of conviction is affirmed.

TROUT, C.J., and JOHNSON, McDEVITT and SCHROEDER, JJ., concur.