950 P.2d 1254

**Mitchel John ODIAGA, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 23165.**

Supreme Court of Idaho,
Boise, November 1997 Term.

Dec. 31, 1997.

Daniel M. Dolan, Ketchum, for appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for respondent Catherine O. Derden, argued.

JOHNSON, Justice.

This is a post-conviction review case. We conclude that the trial court was correct in dismissing the petition for post-conviction relief without an evidentiary hearing.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

In *State v. Odiaga*, 125 Idaho 384, 871 P.2d 801, *cert. denied*, 513 U.S. 952, 115 S.Ct. 369, 130 L.Ed.2d 321, *and cert. denied*, 513 U.S. 955, 115 S.Ct. 377, 130 L.Ed.2d 327 (1994) (*Odiaga I*), the Court overturned Odiaga's conviction and remanded the case to the trial court for a new trial. *Id.* at 392, 871 P.2d at 809. On remand, a psychologist (the psychologist) examined Odiaga to determine his competency to proceed. Following the examination, the psychologist stated in an affidavit that Odiaga was competent to proceed.

Following plea negotiations, Odiaga, his attorney, and the prosecutor signed a plea agreement (the plea agreement) pursuant to rule 11(d) of the Idaho Criminal Rules (I.C.R.). In the plea agreement, Odiaga pleaded guilty to two counts of second degree murder, one count of attempted first degree murder, and two counts of aggravated assault, all while carrying, displaying, using, threatening or attempting to use a deadly weapon and/or firearm. The prosecutor agreed to recommend concurrent sentences for all these offenses, which resulted in a sentence of an indeterminate life term with the first twenty-four years fixed. Odiaga waived his right to appeal.

In a second affidavit, the psychologist stated that Odiaga was competent to understand plea negotiations, the plea agreement, and his sentencing hearing. The psychologist also stated: "Odiaga understands the defenses he is waiving and that his pleas will be freely and voluntarily given with a full understanding of the facts and circumstances surrounding this case."

After exploring the question of Odiaga's competency, the trial court accepted Odiaga's guilty pleas, entered a judgment of convic-

tion, and sentenced Odiaga as provided in the plea agreement.

Odiaga, acting for himself, petitioned the trial court for post-conviction relief, alleging: (1) he was on antipsychotic medications when the trial court convicted and sentenced him, preventing him from entering valid guilty pleas; (2) he was incompetent when he pleaded guilty; (3) the trial court should have considered his mental illness when it sentenced him; and (4) he received ineffective assistance of counsel. The State answered and requested summary dismissal of Odiaga's petition. The trial court dismissed the petition without an evidentiary hearing. Odiaga appealed.

## II.

### THE TRIAL COURT CORRECTLY DISMISSED THE PETITION.

Odiaga asserts that the trial court should not have dismissed his petition without an evidentiary hearing. We disagree.

■ Preliminarily, we conclude that even though Odiaga did not file a timely motion to withdraw his guilty pleas pursuant to I.C.R. 33(d), he is not foreclosed from pursuing post-conviction relief challenging his guilty pleas. In *State v. Green*, 130 Idaho 503, 943 P.2d 929 (1997), this Court discussed the requirements for appealing the validity of a guilty plea and concluded that "before this Court can decide whether a guilty plea was appropriately accepted, the issue must be preserved by the defendant by first moving to have the plea withdrawn." *Id.* at 506, 943 P.2d at 932. The Uniform Post–Conviction Procedure Act (the act), section 19–4901 through section 19–4911 of the Idaho Code (I.C.), however, provides, and this Court has ruled, that post-conviction proceedings are neither a substitute for appeal nor a method of appealing from a judgment of conviction. I.C. § 19–4901; *Dionne v. State*, 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969). Thus, the ordinary requirements for preservation of an issue on direct appeal from a judgment of conviction do not apply to post-conviction proceedings. Therefore, *Green* does not foreclose Odiaga's petition under the act.

The act provides: "Affidavits, records, or other evidence supporting [the application's] allegations shall be attached to the application or the application shall state why they are not attached." I.C. § 19–4903. In *Pulver v. State*, 93 Idaho 687, 692, 471 P.2d 74, 79 (1970), the Court ruled that in considering an application for post-conviction relief, "bald and unsupported allegation[s] ..., unsubstantiated by any fact, [are] insufficient to entitle [petitioner] to an evidentiary hearing."

■ The only evidence that Odiaga submitted in support of the allegations in his petition was excerpts from the transcript of his 1991 jury trial. As indicated in *Odiaga I,* Odiaga was determined to be competent to stand trial in 1991. *Odiaga I* at 385, 871 P.2d at 802. Therefore, Odiaga did not sufficiently support the allegations of his petition concerning his competency as required by the act.

■ Following the remand ordered in *Odiaga I,* Odiaga did not move to be taken off the medications he now claims prevented him from entering valid guilty pleas. Therefore, the State never became obligated to establish the need for the medications and the medical appropriateness of the drugs. *Odiaga I* at 387, 871 P.2d at 804. Before accepting Odiaga's guilty pleas, the trial court questioned him about the medications that he was taking, his ability to understand the plea agreement, and the rights that he was waiving and found that Odiaga understood the nature of the offenses and the consequences of his guilty pleas and made the pleas freely and voluntarily.

■ In support of his post-conviction petition, Odiaga failed to present any evidence that being on the medications prevented him from entering a valid guilty plea. Therefore, he did not support his petition on this claim as required by the act.

■ Odiaga's claim of ineffective assistance of counsel is based on the alleged failure of his attorney to preserve for federal review the issue of Idaho's abolition of the insanity defense. In order to prevail on this claim, Odiaga must first prove that his attorney's performance was deficient. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052,

80 L.Ed.2d 674 (1984). Odiaga alleges that the deficiency in his attorney's performance was the failure to preserve in the plea agreement Odiaga's opportunity to challenge the abolition of the insanity defense in federal court. We conclude that regardless of whether the plea agreement allows Odiaga to pursue this challenge in federal court, the attorney's performance was not deficient. After the Court issued its opinion in *Odiaga I*, Odiaga's attorney petitioned the United States Supreme Court for a writ of certiorari to review this Court's ruling that the abolition of the insanity defense did not violate the U.S. Constitution. The Supreme Court denied this petition. This adequately discharged any duty the attorney had to allow Odiaga to challenge the abolition of the insanity defense in federal court.

## III.

### CONCLUSION

We affirm the trial court's dismissal of Odiaga's petition for post-conviction relief.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, JJ., concur.