106 P.3d 392

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Zaki Abdul AL–KOTRANI, Defendant–Appellant.**

No. 29667.

Supreme Court of Idaho, Boise, December 2004 Term.

Jan. 28, 2005.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Melissa N. Moody argued.

EISMANN, Justice.

This is an appeal from a judgment of guilty and a sentence for the crime of lewd conduct with a minor under age sixteen and from the denial of a motion to reduce that sentence. The Defendant entered an unconditional plea of guilty, but now wants to challenge on direct appeal the district court's finding that he was competent to stand trial. He also claims that the district court abused its discretion when imposing the sentence and when denying his motion to reduce the sentence. We hold that by his unconditional plea of guilty the Defendant waived his right to challenge the district court's competency determination and that the district court did not abuse its discretion when imposing and then refusing to reduce the sentence.

## I. FACTS AND PROCEDURAL HISTORY

On August 21, 2001, the grand jury indicted the 32–year–old defendant-appellant Zaki Abdul Al–Kotrani (Defendant) with two counts of lewd conduct with a minor under sixteen years of age. Both counts involved the same developmentally delayed, thirteen-year-old victim. The Defendant was arrested, and on September 26, 2001, his attorney entered a plea of not guilty on his behalf.

Pursuant to a motion by defense counsel filed on January 28, 2002, the district court ordered a mental evaluation of the Defendant to determine whether he was competent to stand trial. There was a claim that the Defendant had significant cognitive deficits because of a closed head injury he had suffered at some unspecified time while living in Iraq.

After examining the Defendant, the psychologist issued a written report in which he concluded that the Defendant had indications of brain injury, but may be feigning the magnitude of any cognitive defects. The psychologist concluded that he was unable to evaluate the Defendant's true capacity to assist his attorney. The district court ordered an additional evaluation by the psychologist and an examination by a second psychologist. At the request of the defense, the court also ordered an examination by a neurosurgeon.

In response to the court's order, the first psychologist administered some additional tests to the Defendant that would minimize cultural influence or bias and spoke with the Defendant's employer and family members. Based upon this additional investigation, the first psychologist issued a second written report in which he concluded that the Defendant had cognitive difficulties of sufficient severity to preclude his ability to understand the proceedings and to provide appropriate assistance to his counsel. The psychologist also stated that the Defendant attempts to hide his cognitive deficits by stating that he understands when he does not.

The second psychologist examined the Defendant and reviewed the two written reports of the first psychologist. He then issued a written report in which he concluded that the Defendant was mildly retarded, but had sufficient mental capacity to understand the proceedings and to assist in his own defense. The second psychologist stated that in his opinion the Defendant's lack of complete and genuine effort artificially lowered his scores in the "understanding" and "reasoning" components of the testing.

The neurosurgeon issued a written report after examining the Defendant. His report stated that the Defendant had a normal neurological examination and probably subnormal intelligence. With respect to the head injury, the neurosurgeon stated that if the Defendant had suffered a significant head injury that diminished his cognitive functioning as claimed, he would have been left with some other objectively ascertainable deficit, such as a motor loss, but there were no such deficits.

On October 23, 2002, the district court held a hearing to determine the Defendant's competency to stand trial. After considering the reports from the psychologists and neurosurgeon, the testimony of a jailer and the first psychologist given at an earlier hearing, the Defendant's interactions with the district judge, and other information, the judge issued a decision on November 4, 2002, in which she found that the Defendant was competent to stand trial.

On November 22, 2002, the Defendant pled guilty to one count of lewd conduct and the State dismissed the second count. Upon motion by the defense, the district court ordered a psychosexual evaluation of the Defendant. The results of the evaluation were not favorable to the Defendant. The evaluator concluded that the Defendant lacked a basic commitment to honesty, that he did not appear interested in participating in sex offender treatment, and that his risk to reoffend could be managed only by incarceration.

The sentencing hearing was held on May 13, 2003. At the commencement of the hearing, the district stated that she would not follow the plea agreement and she gave the Defendant an opportunity to withdraw his plea of guilty. He declined to do so. At the conclusion of the hearing, the district court sentenced the Defendant to 35 years in the custody of the Idaho Board of Correction, with ten years fixed and the balance indeterminate. The Defendant then timely appealed.

## II. ISSUES ON APPEAL

A. Should this Court overrule *State v. Green*, 130 Idaho 503, 943 P.2d 929 (1997), and hold that a defendant who enters an unconditional plea of guilty does not waive his right to challenge on direct appeal the trial court's ruling that he was competent to stand trial?

B. Did the district court abuse its discretion in sentencing the Defendant?

C. Did the district court abuse its discretion when denying the Defendant's motion for a reduction in his sentence?

## III. ANALYSIS

A. **Should this Court Overrule *State v. Green*, 130 Idaho 503, 943 P.2d 929 (1997), and Hold that a Defendant Who Enters an Unconditional Plea of Guilty Does Not Waive His Right to Challenge on Direct Appeal the Trial Court's Ruling that He Was Competent to Stand Trial?**

■ The Defendant in this case entered an unconditional plea of guilty to the charge of lewd conduct with a child under sixteen years of age. "A valid plea of guilty, voluntarily and understandingly given, waives all non-jurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings." *Clark v. State*, 92 Idaho 827, 832, 452 P.2d 54, 59 (1969). In *State v. Green*, 130 Idaho 503, 943 P.2d 929 (1997), we held that an unconditional plea of guilty waived the defendant's right to challenge on direct appeal the trial court's ruling that the defendant was competent to stand trial. The Defendant asks us to overrule *State v. Green* and permit him to challenge on appeal the district court's determination that he was competent to stand trial.

■ We will ordinarily not overrule one of our prior opinions unless the holding in the case has proven over time to be unwise or unjust. *State v. Maidwell*, 137 Idaho 424, 50 P.3d 439 (2002). The Defendant has not convinced us that the holding in *State v. Green* is either unwise or unjust.

A defendant is not required to enter an unconditional plea of guilty. There are two other options that would preserve the right to challenge a trial court's finding of competency. First, the defendant could seek to enter a conditional plea of guilty, reserving the right to challenge on appeal the trial court's competency determination. Rule 11(a)(2) of the Idaho Criminal Rules provides that a criminal defendant, with the approval of the court and the consent of the prosecuting attorney, can enter a conditional plea of guilty, reserving the right to challenge any specified adverse ruling on appeal. If the defendant prevails on the appeal, he or she can withdraw the guilty plea. Second, the defendant can simply go to trial. If found guilty, he or she can challenge the trial court's competency determination on an appeal from the judgment.

■ The Defendant argues that an allegedly incompetent defendant should not be held to have waived any rights by entering an unconditional plea of guilty. Although such argument has some appeal, it overlooks two facts. First, the Defendant was represented by counsel throughout the proceedings below. There is a strong presumption

that his counsel's performance was within the wide range of reasonable professional assistance. *State v. Hairston*, 133 Idaho 496, 988 P.2d 1170 (1999). Second, the trial court found, after a hearing, that the Defendant was competent to stand trial. On appeal, this Court does not reweigh the evidence regarding competency, but will affirm the district court's finding if it is supported by sufficient, competent evidence, even if the evidence is conflicting. *State v. Lovelace*, 140 Idaho 53, 90 P.3d 278 (2003). Thus, the real issue is whether the Defendant received the effective assistance of counsel when deciding to enter an unconditional plea of guilty. If a defendant contends that his or her counsel was ineffective, that is a matter better addressed in a proceeding for post-conviction relief. *State v. Nunez*, 133 Idaho 13, 981 P.2d 738 (1999). Where, as here, the Defendant was represented by counsel and the trial court, after a hearing, found the Defendant competent to stand trial, we are not persuaded that it is either unwise or unjust to hold that his unconditional plea of guilty waived the right to challenge the competency determination on direct appeal.

## B. Did the District Court Abuse its Discretion in Sentencing the Defendant?

■■■ We review the length of a sentence under an abuse of discretion standard. *State v. Strand*, 137 Idaho 457, 50 P.3d 472 (2002). We consider the fixed portion of the sentence to be the term of confinement for the purpose of appellate review. *Id.* When a sentence is challenged as being excessively harsh, we independently review the record on appeal, having due regard for the nature of the offense, the character of the offender, and the protection of the public interest. *Id.* In order to show that the sentence imposed was unreasonable, the defendant must show that the sentence, in light of the governing criteria, is excessive under any reasonable view of the facts. *Id.* When determining whether the sentence is excessive, we must consider: (1) the protection of society; (2) deterrence of the defendant and others; (3) the possibility of the defendant's rehabilitation; and (4) punishment or retribution for the defendant. *Id.*

When he committed the offense to which he pled guilty, the Defendant was 31 years old and married. He was slightly built, about five feet tall and 120 pounds. He met the developmentally delayed victim in a park. He learned she was thirteen years of age, but lied to her about his age. They exchanged telephone numbers, and he initiated contact with her again. The Defendant pursued a relationship with the victim, giving her various gifts, and then pressured her for sex. After having sexual intercourse with the victim, the Defendant began picking her up from school on a regular basis and driving her to a secluded place for sex. Over the course of several months, the Defendant engaged numerous times in various types of sexual acts with the victim. He was eventually caught because the principal of the victim's school noticed the Defendant picking her up after school and contacted the police.

The plea agreement called for probation and jail incarceration upon the assumption that the Defendant would be deported back to Iraq. The district court refused to consider the possibility of the Defendant's deportation and sentenced him as it would any other defendant under similar circumstances. When sentencing the Defendant, the district court specifically identified several factors. The Defendant had engaged in multiple sexual acts with a thirteen-year-old girl, whose mental disabilities increased her vulnerability. The Defendant engaged in predatory acts: approaching the girl in a park, giving her gifts, planning on how to get her alone with him, repeatedly contacting her, and forcing her to engage in sexual intercourse the first time. The district court noted that the Defendant knew his conduct was wrong because after being contacted by police, he tried to learn from one of the victim's friends why the victim had "snitched or ratted" on him. Finally, the district court addressed the psychosexual evaluation. It indicated that the Defendant lacked a basic commitment to honesty; that he was sexually obsessed, if the victim's account was true; that he could not be managed safely in outpatient sex offender treatment; and that he did not accept responsibility for his crime.

The Defendant contends that the district court failed to properly consider that he had no prior felony convictions; that he was born and raised in Iraq, where the customs differ from those in the United States, and did not come to this country until he was 28 years old; that he had mental deficiencies; and that he had the support of his family. The district court considered these factors, but simply did not give them the weight the Defendant desires. The Defendant has failed to show that the district court abused its discretion in sentencing him.

### C. Did the District Court Abuse Its Discretion when Denying the Defendant's Motion for a Reduction in His Sentence?

 On September 2, 2003, the Defendant filed a motion under Rule 35 of the Idaho Criminal Rules to reduce his sentence to five years fixed in the custody of the Idaho Board of Correction. Such motion to reduce an otherwise lawful sentence is a plea for leniency. *State v. Strand,* 137 Idaho 457, 50 P.3d 472 (2002). The decision of whether to grant a plea for leniency is in the sound discretion of the sentencing court and is reviewed for an abuse of discretion. *Id.* If the initial sentence was not excessive when imposed, the appellant must show on appeal that it is excessive in light of new or additional information subsequently presented to the sentencing court in support of the motion to reduce the sentence. *Id.* On appeal we examine the record before us, including evidence presented in connection with the motion, to determine whether the trial court abused its discretion in failing to grant the leniency requested. *Id.*

The Defendant supported his motion for a sentence reduction with the assertion that his lack of fluency in English prevented him from participating in meaningful rehabilitation programs while incarcerated. According to the Defendant, he had only four years of education in Iraq and cannot read or write either English or Arabic.

Rehabilitation is only one factor that the court considers when sentencing a criminal defendant. The court must also consider the protection of society, deterrence of the defendant and others, and punishment or retribution for committing the crime. *State v. Strand,* 137 Idaho 457, 50 P.3d 472 (2002). The Defendant has failed to show that the district court abused its discretion in denying his motion for a sentence reduction.

### IV. CONCLUSION

The judgment of the district court and the order denying the motion to reduce sentence are affirmed.

Chief Justice SCHROEDER, and Justices TROUT and BURDICK concur. Justice KIDWELL dissents without opinion.