**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39081**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 537** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 26, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT STEPHEN HILLS, III,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Robert Stephen Hills, III, appeals from the district court's order denying his motion to suppress.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hills was charged with felony driving under the influence, a violation of Idaho Code §§ 18-8004(1)(a) and 18-8005(9). Thereafter, Hills filed a motion to suppress "any and all evidence obtained as a result of the illegal stop, seizure, and/or arrest of the defendant." The district court denied Hills' motion to suppress, finding reasonable suspicion for the stop of Hills.

Hills entered into a binding Idaho Criminal Rule 11 plea agreement, pleading guilty to felony driving under the influence. In exchange for Hills' guilty plea, the State agreed to a unified sentence of five years with two years determinate, and the district court retained jurisdiction. The State also agreed to dismiss Hills' related driving without privileges charge.

1

Under the terms of the plea agreement, Hills did not reserve his right to appeal the denial of his motion to suppress and he "waive[d] his right to appeal any sentence that is imposed in accordance with the terms of this plea agreement."

After the presentence report was completed, the district court rejected the Rule 11 plea agreement and Hills was allowed to withdraw his guilty plea. The parties then filed another Rule 11 plea agreement. The only change from the original plea agreement was that the parties agreed to a unified sentence of five years with one year determinate and a recommendation for the therapeutic community. Hills pled guilty to felony driving under the influence, and the district court accepted the Rule 11 plea agreement.

Prior to sentencing, the parties filed an amended Rule 11 plea agreement that modified the condition regarding Hills' driver's license suspension. The district court accepted the amended Rule 11 plea agreement. In accordance with the terms of the amended Rule 11 plea agreement, the district court imposed a unified sentence of five years with one year determinate and recommended "placement in the Therapeutic Community prior to parole." Hills timely appealed.

## II.

## ANALYSIS

"Mindful of the Idaho Supreme Court's holding in *State v. Green*, 130 Idaho 503 (1997)," Hills argues that the district court erred when it denied his motion to suppress the evidence obtained against him as the result of the traffic stop. According to Hills, despite the fact that he did not enter a conditional guilty plea reserving the right to challenge the denial of his motion to suppress, this Court should reverse the district court's order denying his motion to suppress. The State contends that the argument is without merit because Hills waived any right he may have had to appeal the district court's denial of his motion to suppress when he entered an unconditional plea of guilty to felony driving under the influence.

Hills waived his right to appeal the district court's denial of his motion to suppress when he entered an unconditional plea of guilty. *State v. Green*, 130 Idaho 503, 943 P.2d 929 (1997) is controlling in this case. "Ordinarily, a plea of guilty, if voluntarily and knowingly made, is conclusive as to the defendant's guilt and waives all non-jurisdictional defects in prior proceedings against the defendant." *Id*. at 505, 943 P.2d at 931 (citing *Clark v. State*, 92 Idaho 827, 832, 452 P.2d 54, 59 (1969)). However, the entry of a conditional guilty plea by a

defendant can act to preserve the appellate right to review an adverse ruling before the trial court. I.C.R. 11(a)(2). Here, Hills concedes that he entered into an unconditional plea of guilty, but asserts that the district court's denial of his motion to suppress should nevertheless be reviewed on appeal. A defendant is not required to enter an unconditional plea of guilty. I.C.R. 11(a). The defendant has the additional option of preserving the right to challenge the district court's finding by entering a conditional plea of guilty and also the option of going to trial. *State v. Al-Kotrani*, 141 Idaho 66, 69, 106 P.3d 392, 395 (2005). Hills chose to unconditionally plead guilty to felony driving under the influence. The plea agreement and the district court's advisories demonstrate that Hills understood what the guilty plea meant and what rights he was giving up. Therefore, Hills waived his right to challenge the district court's denial of his motion to suppress when he voluntarily and knowingly chose to unconditionally plead guilty.

## III.

## CONCLUSION

Hills waived his right to appeal the district court's order denying his motion to suppress by entering an unconditional, rather than a conditional, guilty plea. The district court's denial of Hills' motion to suppress is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

3