**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46123**

| | |
|---|---|
| JERMAINE JAMES ARRATS, | ) |
| | ) **Filed: December 24, 2019** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Jermaine James Arrats appeals from the district court's judgment dismissing his petition for post-conviction relief arising from his robbery conviction. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Arrats was charged with robbery in violation of Idaho Code §§ 18-6501, 18-6502, after he jumped out of a motel window, wearing only his underwear and socks; forcibly removed a motorist from his vehicle; and drove away, ultimately wrecking the vehicle. At the time, Arrats was under the influence of methamphetamine and believed that he was being chased and that his life was in danger. Arrats acknowledges he removed the motorist and took the vehicle. Arrats, however, does not believe he committed robbery because he contends he only intended to escape harm, did not intend to keep the vehicle, and was acting in self-defense.

1

Notwithstanding his belief that he acted in self-defense, Arrats entered an *Alford*[1] plea. Per the plea agreement, the State agreed to recommend a sentence of thirty years with ten years determinate, and the district court imposed the recommended sentence. Thereafter, the Ada County Public Defender filed a notice of appeal asserting the sentence was excessive, and the district court appointed the State Appellate Public Defender (SAPD) to represent Arrats on appeal.

Despite being represented, Arrats filed a pro se notice of appeal, claiming that he presented "evidence" of self-defense; the State failed to show his conduct was not in self-defense; and his counsel was ineffective for failing to present his self-defense claim. With this notice, Arrats also filed a motion for appointment of counsel and an Idaho Criminal Rule 35 motion. In support of his Rule 35 motion, Arrats argued he was forced to act in self-defense because he believed his life was in danger. Thereafter, the SAPD filed an amended notice of appeal, again asserting Arrats' sentence was excessive.

The district court considered Arrats' Rule 35 motion and related motion for appointment of counsel on the merits. It denied Arrats' motions, noting he continued to be represented by the Ada County Public Defender; Rule 35(a) is not a vehicle for relitigating guilt or innocence; and Arrats' sentence was not excessive under Rule 35(b) based on the nature of his offense, his criminal history, and the danger he poses to society.

After entry of the order denying Arrats' motions, he again filed pro se a notice of appeal. In this notice, he identified as issues for appeal the district court's denial of his motion for appointment of counsel, its denial of his Rule 35 motion, and various issues related to his claim of self-defense. This Court affirmed the district court's denial of Arrats' Rule 35 motion, ruling that his challenge was "a collateral attack on the underlying conviction and was beyond the scope of a Rule 35 motion." *State v. Arrats*, Docket No. 45030 (Ct. App. Nov. 20, 2017) (unpublished). That decision indicates the SAPD represented Arrats in the appeal.

Now in this case, Arrats raises post-conviction claims related to the denial of his Rule 35 motion and to his claim of self-defense. In his petition for post-conviction relief, Arrats alleged pro se that the district court committed errors related to his claim of self-defense; his trial counsel

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

2

was ineffective for failing to present evidence of Arrats' self-defense claim; the district court erred by refusing to appoint him counsel for his Rule 35 motion; and his appellate counsel was ineffective for failing to raise the issues Arrats identified in his pro se notices of appeal. With his petition, Arrats filed his own affidavit and a motion for appointment of post-conviction counsel.

Before the State responded to Arrats' petition under I.C. § 19-4906(b), the district court entered a notice of intent to dismiss. In doing so, the court took judicial notice sua sponte of: (1) the information charging Arrats with robbery; (2) his plea agreement; (3) the presentence investigation report; (4) the judgment of conviction; (5) the order appointing the SAPD to represent Arrats on appeal; (6) his Rule 35 motion and his related motion for appointment of counsel; (7) the order denying those motions, (8) the four notices of appeal; and (9) this Court's decision affirming the denial of Arrats' Rule 35 motion.

In its notice of intent to dismiss, the district court noted Arrats had waived his claim of self-defense by entering an *Alford* plea; his Rule 35-related complaints were "untenable" but, regardless, should have been raised on direct appeal; and his appellate counsel was not required to raise baseless appellate issues. Regarding Arrats' motion for appointment of counsel, the district court noted Arrats had failed to allege facts raising the possibility of a valid claim and declined to appoint counsel at that time. The district court expressly reserved denying Arrats' request for appointment of counsel in the event Arrats' response to the notice of intent alleged a possibly valid claim.

Arrats responded to the court's notice of intent to dismiss, essentially reiterating his allegations in his petition and supporting affidavit. The State, however, never responded to Arrats' petition. After reviewing Arrats' response to the notice of intent to dismiss, the district court dismissed Arrats' petition for all the reasons noted. On appeal, he challenges only the district court's failure to take judicial notice of additional materials in the record and to appoint post-conviction counsel to represent him.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove

by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary

4

dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.
### ANALYSIS

**A.   Judicial Notice of Transcripts**

Arrats argues the district court erred by summarily dismissing his petition "after judicially noticing only limited portions of the underlying criminal file." In particular, Arrats claims the transcripts of the plea and sentencing hearings were necessary to resolve his claims. In a related argument, Arrats asserts the district court should have waited for the State to respond to Arrats' petition, at which time the State would have been required under I.C. § 19-4906(a) to file portions of the underlying record. *See id.* ("If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application."). The State responds that the district court was neither required to judicially notice sua sponte the entire underlying criminal record or to delay addressing Arrats' petition until the State responded to it. We agree with the State.

5

The Idaho Supreme Court has previously held in *Fetterly v. State*, 121 Idaho 417, 825 P.2d 1073 (1991), that the district court may enter summary dismissal despite the State's failure to respond to a petition for post-conviction relief if the record provides a basis for the dismissal. *Id.* at 418, 825 P.2d at 1074. In that case, Fetterly was convicted of first degree murder and sentenced to death. *Id.* at 417, 825 P.2d at 1073. After the Court affirmed the dismissal of Fetterly's first petition for post-conviction relief, Fetterly filed a second petition. *Id.* This second petition argued the district court erred when sentencing Fetterly and relied on an Idaho Supreme Court decision issued after Fetterly's case was final. *Id.* The State did not respond to Fetterly's second petition, and Fetterly moved for summary disposition. *Id.* at 418, 825 P.2d at 1074. Despite the fact that the State had not filed a responsive pleading, the district court summarily dismissed Fetterly's second petition. *Id.*

On appeal, Fetterly challenged, among other things, the district court's dismissal of his petition before the State's response, and the Court rejected this challenge. *Id.* The Court explained that I.C. § 19-4906(a) requires the State to respond to a petition "to properly frame any factual and legal issues before the district court so that it can make an intelligent ruling." *Fetterly*, 121 Idaho at 418, 825 P.2d at 1074. The Court held that "based upon the record before the district court, we cannot say that it could not make an intelligent ruling on the application despite the State's failure to respond." *Id.* (internal quotation marks omitted).

As in *Fetterly*, the record in this case provided a basis for the district court to make an "intelligent ruling" on Arrats' claims, all of which were premised on or related to his purported claim of self-defense. The district court's dismissal of Arrats' claims turned on the legal conclusion that Arrats could not assert a claim of self-defense based on his *Alford* plea. *See State v. Al-Kotrani*, 141 Idaho 66, 69, 106 P.3d 392, 395 (2005) (holding that a valid plea of guilty, voluntarily and understandingly given, waives all nonjurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings). The district court did not need any records other than those it judicially noticed sua sponte to reach the legal conclusion that Arrats waived his self-defense claim by pleading guilty. This conclusion resolved Arrats' claims that the district court committed errors related to his claim of self-defense; that his trial counsel was ineffective for failing to present evidence of his self-defense claim; and that his appellate counsel was ineffective for failing to raise issues related to his self-defense claim. Indeed, on appeal, Arrats does not even challenge the district court's dispositive legal ruling.

6

Further, that I.C. § 19-4906(a) requires the State to file with its response "the record or portions thereof that are material to the questions raised" does not relieve Arrats of the initial responsibility to provide relevant records or the consequences of failing to provide allegations or a record of a possibly valid claim to avoid summary dismissal. *See* I.C. § 19-4903 ("Affidavits, records, and other evidence supporting [the application's] allegations shall be attached to the application or the application shall recite why they are not attached."); *see also Roman*, 125 Idaho at 648 n.3, 873 P.2d at 902 n.3 ("[W]e do not view [I.C. § 19-4906(a)] as relieving an applicant of the consequence of failing to place in evidence a transcript essential to prove the applicant's claim where, as here, the applicant made no effort to compel action by the state or to otherwise arrange for the filing of the transcript."). If Arrats believed other portions of the underlying criminal record were material to his claims, he had numerous options to include those portions in the post-conviction record including by submitting them himself; by requesting the district court take judicial notice of them; by compelling the State to file them; or by alleging facts about what occurred, for example, at the sentencing and plea hearings.

Finally, even assuming the district court had waited for the State to respond to Arrats' petition and file those portions of the record material to his claims, that the State would have submitted the plea and sentencing hearing transcripts--which Arrats contends on appeal are necessary to support his claims--is both speculative and unlikely. Neither transcript is material to the claims Arrats attempted to allege in his petition. Arrats argues on appeal that these transcripts are necessary to resolve whether his plea was invalid and whether his trial counsel was ineffective during the plea proceedings. These claims, however, are not claims Arrats attempted to allege in his petition. Rather, Arrats raises them for the first time on appeal.[2]

## B.     Appointment of Counsel

Arrats asserts the district court erred by dismissing his petition without appointing him counsel. If a post-conviction petitioner is unable to pay for the expense of representation, the trial court may appoint counsel to represent the petitioner. I.C. § 19-4904. "The decision to

---

[2]     Arrats spends a significant portion of his appellate briefing quoting information that was not in the record before the district court and, thus, is not in the appellate record. In a footnote, Arrats requests that this Court take judicial notice of "transcripts" in his direct appeal. Arrats' request for judicial notice in a footnote is improper. *See* Idaho Appellate Rule 32(d) (requiring motion to be accompanied by a brief, statement, or affidavit). Moreover, additional transcripts are unnecessary to resolve the issues on appeal.

grant or deny a request for court-appointed counsel lies within the discretion of the district court." *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. The proper standard for determining whether to appoint counsel for an indigent petitioner is whether the petition alleges facts showing the possibility of a valid claim requiring further investigation. *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007). In determining whether a petitioner raised the possibility of a valid claim, the Court considers "whether the appointment of counsel would have assisted [the petitioner] in conducting an investigation into facts not in the record and whether a reasonable person with adequate means would have been willing to retain counsel to conduct that further investigation into the claim." *Melton v. State*, 148 Idaho 339, 342, 223 P.3d 281, 285 (2009).

The trial court must carefully consider the request for counsel before reaching a decision on the substantive merits of the petition. *Charboneau*, 140 Idaho at 794, 102 P.3d at 1113. Nevertheless, even if the district court errs by not specifically addressing a petitioner's motion for appointment of counsel before addressing the merits of his petition, such an error does not affect the petitioner's substantial rights if his petition does not raise the possibility of a valid claim. *Shackelford v. State*, 160 Idaho 317, 326, 372 P.3d 372, 381 (2016). Accordingly, denying a petitioner's motion for the appointment of counsel in the same order summarily dismissing his petition does not affect his substantial rights if he did not raise the possibility of a valid claim. *Id.* In that event, the error is harmless and must be disregarded. *Id.*; *see also* I.R.C.P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

In this case, the district court correctly concluded, based on the record and on Arrats' petition and supporting affidavit, that he failed to raise the possibility of a valid claim because he waived his claim of self-defense by entering an *Alford* plea and any failure to appoint him counsel for the Rule 35 motion should have been raised on Arrats' direct appeal of the denial of that motion. Arrats does not directly challenge these rulings on appeal. Further, he does not challenge the district court's denial of his request for appointment of counsel on the basis that the district court failed to consider Arrats' request before addressing the merits of his claims. Regardless, that the district court ultimately denied Arrats' request for counsel in the same order dismissing the petition did not affect Arrats' substantial rights because he failed to raise the possibility of a valid claim. Moreover, by waiting to deny Arrats' request for counsel until Arrats responded to the district court's notice of intent, the district court did not prejudice Arrats

8

but rather simply gave him an additional opportunity to allege a possibly valid claim necessary for appointment of counsel. Accordingly, we hold that the district court did not abuse its discretion when dismissing Arrats' petition for post-conviction relief without appointing counsel and that the district court correctly concluded Arrats failed to allege facts raising the possibility of a valid claim.

## IV.
## CONCLUSION

Arrats fails to show the district court erred by not taking judicial notice of the transcripts from his criminal case or waiting for the State's response before dismissing his petition for post-conviction relief. Further, Arrats failed to show that the district court abused its discretion when dismissing his petition without appointing him counsel. Accordingly, we affirm the summary dismissal of his petition.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.