IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 41357

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 789 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 30, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MELVIN ARTHUR MCCABE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction for possession of a controlled substance and order denying motion to withdraw guilty plea, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.
_____

GUTIERREZ, Chief Judge

Melvin Arthur McCabe appeals from his judgment of conviction and sentencing enhancement entered upon his guilty plea to possession of a controlled substance and being a persistent violator. Specifically, he contends the district court abused its discretion in failing to sua sponte order a mental health evaluation to determine his competency to represent himself and by denying his post-sentencing motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

While arresting McCabe for driving without privileges, an officer found a cigarette pack containing methamphetamine on McCabe's person and various drug paraphernalia in his vehicle. McCabe was charged with possession of a controlled substance with the intent to deliver, driving without privileges, possession of drug paraphernalia, failure to provide proof of insurance, and

1

being a persistent violator.  The State later filed an amended information, charging an enhancement under Idaho Code § 37-2739 based on McCabe's prior misdemeanor conviction for possession of drug paraphernalia.

McCabe was appointed counsel, who, upon McCabe's request, filed a motion to withdraw.  The district court denied the motion and McCabe pled not guilty.  McCabe's counsel filed a second motion to withdraw, and after conducting a *Faretta*[1] inquiry, the district court determined that McCabe made a "free and voluntary decision to represent himself" and allowed counsel to withdraw.

McCabe pled guilty to an amended charge of possession of a controlled substance, I.C. § 37-2732(c)(1), and the section 37-2739 enhancement, in exchange for dismissal of the remaining counts and an agreement to recommend a unified sentence of fourteen years, with six years determinate.  The district court imposed the sentence recommended by the State.  McCabe filed a timely notice of appeal and then filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied without a hearing.  McCabe filed a motion to withdraw his guilty plea and a motion for a retroactive competency hearing, arguing, in relevant part, that he was under the influence of methamphetamine such that he was unable to knowingly and intelligently waive his right to counsel and to enter a guilty plea.  Following a hearing, the district court denied both motions.  McCabe now appeals.

## II.

## ANALYSIS

McCabe contends the district court abused its discretion in failing to sua sponte order a mental health evaluation to determine his competency to represent himself.  He also argues the district court erred by denying his post-sentencing motion to withdraw his guilty plea and to order a retroactive competency evaluation.

### A.     Mental Health Evaluation

McCabe argues that because there was sufficient evidence to raise a bona fide doubt as to his competency, the district court abused its discretion by failing to sua sponte order a mental health evaluation to aid in making a determination as to McCabe's competency to represent

---

[1]     *Faretta v. California*, 422 U.S. 806 (1975).

himself. He argues the district court's failure to order a mental health evaluation violated his due process rights and constituted fundamental error.[2]

A trial court ordinarily has no duty to independently inquire as to the competency of a defendant unless the defendant raises the issue by motion or by presenting evidence showing lack of competency. *State v. Fuchs*, 100 Idaho 341, 346, 597 P.2d 227, 232 (1979); *State v. Hawkins*, 148 Idaho 774, 778, 229 P.3d 379, 383 (Ct. App. 2009). When the defendant's competency has not been explicitly raised as an issue, the trial court must sua sponte inquire as to the defendant's competency only if the court entertains or reasonably should entertain a bona fide doubt as to the capacity of the defendant to understand the nature and consequences of the plea. *Fuchs*, 100 Idaho at 346-47, 597 P.2d at 232-33; *Hawkins*, 148 Idaho at 778, 229 P.3d at 383. A bona fide doubt exists if there is substantial evidence of incompetence. *Hawkins*, 148 Idaho at 778, 229 P.3d at 383. Although no particular facts signal a defendant's incompetence, suggestive evidence includes the defendant's demeanor before the trial judge, irrational behavior of the defendant, and available medical evaluations of the defendant's competence to stand trial. *Id.*

As support for his contention that he exhibited behavior which raised a bona fide doubt about his competency to stand trial, McCabe points to exchanges that took place at the hearing on his counsel's motion to withdraw. He points to the concern expressed by the district court as to McCabe's ability to verbally communicate to a jury:

> Now, I will say this from my prior experience with you, is that when it comes to writing, communicating in written form, you are very understandable, you're very knowledgeable, and you're very intelligent from your written forms of communication.

---

[2] We note that our Supreme Court has held that the failure of a district court to sua sponte order a mental health evaluation at sentencing may not constitute fundamental error because it implicates a statutory, not constitutional, right. *State v. Clinton*, 155 Idaho 271, 273, 311 P.3d 283, 285 (2013). Pertaining to the issue at hand, Idaho does have statutory provisions regarding when a defendant may be tried and when a mental evaluation is required, Idaho Code §§ 18-210, 18-211, but the Sixth Amendment (and its Idaho counterpart) also guarantee a criminal defendant the right to have the assistance of counsel for his defense unless a waiver of the right has been effected knowingly, voluntarily, and intelligently. *State v. Dalrymple*, 144 Idaho 628, 633, 167 P.3d 765, 770 (2007). This constitutional protection would appear to be implicated by allowing an incompetent defendant to proceed pro se. We need not decide the issue, however, because regardless, McCabe has not shown the district court erred by failing to sua sponte order a competency evaluation.

3

I will say from my experience that I can't say the same as far as your verbal abilities to communicate. Many times your comments seem disjointed, confused, not full sentences, and my concern is your ability to communicate with the jury or ability to communicate properly with a witness if this matter were to proceed to trial. Do you understand what my concerns are?

McCabe responded:

Most definitely, Your Honor. It's just that I -- this is -- this is a hearing I'm unfamiliar with, and that's the whole purpose of me coming to court a lot is to get accustomed to it like everybody else is so that I can speak the way I intend to speak as I do in my motion and stuff, my written motions. But, you know, between now and the time it takes to go to trial, if it does go to trial, then I feel pretty comfortable in my ability to express myself to the jury.

McCabe contends that he "actually demonstrated some of this behavior" the court expressed concern about later in the hearing when he was asked whether his request to proceed pro se was prompted by dissatisfaction with his appointed counsel. McCabe argues that after he indicated his belief that counsel had done a good job even though they had disagreed in the beginning, he "exhibited an odd, almost frenetic thought pattern[:]"

I just-- Just like she said before I've lost confidence in her, but it's not to say that she's a bad attorney, you know. But, you know, and it's no reflection on her, but-- You know, I know we're on record and I'm not going to put myself in a position to-- well, I'm not going to appeal--
You know what, Your Honor, push come to shove, I will not appeal my ineffectiveness. I won't. You know, I'll shove it down my own throat, you know, but I'm not, you know, I'm not going to cut my own throat as far as admitting that I'm satisfied with her, because there is a lot to be said about that.

McCabe also contends the district court was "obviously concerned" because it noted at the hearing that shortly before McCabe's request to proceed pro se, McCabe had indicated the opposite:

The Court: And I believe when we were here a week or two ago, your indication was that you really needed a lawyer because you're facing the potential of life?
The Defendant: . . . Yeah, I did relay that to the court.
The Court: And why has your decision changed?
The Defendant: Well, Your Honor, I just-- I feel that I, you know, after reviewing the evidence and stuff like that, as long as everybody plays on an open field and plays aboveboard I feel that this thing could be resolved before trial. I really do.

4

In summary, McCabe argues on appeal that his "irrelevant and odd statements, his vacillations between coherent statements and confused ramblings, and his sudden shifts in strategy when facing such a long sentence should have indicated to the district court that [he] did not have a sufficient contact with reality," and "thus there was a reasonable doubt as to [his] competence."

In rejecting McCabe's motion for a retroactive competency evaluation filed with his motion to withdraw his guilty plea, the district court gave insight into its view of McCabe's mental state:

> The defendant's claim . . . of lack of competency is based on his long history of substance abuse with methamphetamine. The court was at all relevant times familiar with the defendant's substance abuse history, however, the court was also satisfied that his history of substance use did not impair his ability to understand the proceeding leading up to the entry of his Judgment of Conviction in this matter. The defendant up to the time that he had elected to represent himself had been in custody in the Jerome County Jail for approximately 45 days (1/22/2013 to 3/7/2013). The court conducted a *Faretta* inquiry of the defendant and determined that the defendant's decision to represent himself was a knowing, voluntary and intelligent decision. At no time did the defendant's behavior, actions, conduct or writing[ ] ever suggest to the court that he did not understand the proceedings against him. Further, at the time of the entry of his guilty plea an extensive colloquy between the defendant and the court never suggested that the defendant did not know what he was doing or [that] he did not understand the nature or consequences of his guilty plea. The defendant at no time at or before sentencing raised the issue of his competency and at no time did this court have any doubt as to the capacity [or] competency of the defendant to understand the nature and consequences of his plea. *State v. Hawkins*, 148 Idaho 774, 778, 229 P.3d 379, 383 (Ct. App. 2009).

Upon examination of the record, we are convinced that the evidence before the district court did not raise a bona fide doubt about as to McCabe's competence to stand trial and therefore, the court was not required to sua sponte inquire as to his competency. On appeal, McCabe characterizes certain of his statements at the hearing on his counsel's motion to withdraw as "irrelevant" and "odd" and indicating that he was lacking "sufficient contact with reality." This is simply not borne out by a reading of his statements in context. For example, in response to the district court's concern as to his verbal communication abilities, McCabe expressed the rational intention to improve with further practice before the court. And, in fact, the record indicates he was able to verbally communicate with the court with sufficient clarity. In addition, the context of his statements regarding counsel does not support his contention on appeal that they exhibited an "odd, almost frenetic thought pattern." Rather, prior to making the

statement excerpted above, McCabe expressed that he and counsel had a "disagreement in the beginning" that "put a wedge between" them that was hard to overcome, but that he still appreciated her and her firm's assistance. He expressed a reticence to state that she was a "bad attorney" in open court but wished to make it clear that he did not want her to continue to represent him. Although his decision to proceed pro se was arguably unwise, McCabe supported this decision with clear, relevant reasons (conflict with counsel and a belief that he could sufficiently represent himself).

McCabe was also not new to self-representation, having chosen to do so several times before over the span of many years:

> The Court: . . . [H]ave you represented yourself previously?
> The Defendant: Yes, I have.
> The Court: On approximately how many occasions?
> The Defendant: Twice, I believe.
> The Court: Okay. And how successful have you been in your self-representation?
> The Defendant: . . . I ended up doing 14 years on one, and I ended up getting the one case overturned on appeal, but I did ultimately win it.
> The Court: And I believe that there was one case where at the court's request you were permitted to represent yourself, and then I believe one of the arguments that you made on appeal was that the court allowed you to represent yourself, because it wasn't a knowing, intelligent and voluntary decision on your own part. Do you remember that case?
> The Defendant: Yeah, I was 19 years old at the time, Your Honor.
> The Court: Okay. And do you think you're more experienced today?
> The Defendant: Well, I should hope.

The circumstances here are in marked contrast to the situation in *Hawkins*, 148 Idaho at 783, 229 P.3d at 388, where we determined the district court should have entertained a reasonable doubt as to Hawkins' mental competency either to stand trial or represent himself in his trial for two counts of robbery. We first noted that Hawkins was capable of preparing and arguing his own defense, largely without the help of standby counsel; the record reflected that throughout the pretrial and trial process he was alert and coherent and he understood the order of events and was an active participant. *Id*. at 779, 229 P.3d at 384. However, we also noted that he exhibited delusional characteristics both before and during trial, indicating he might have been out of touch with reality and did not have a rational understanding of the proceedings. *Id*. His behavior included claiming, without proof, that he was a Central Intelligence Agency (CIA)

6

operative; had knowledge of the transportation of weapons to Canada; was involved in a South American operation with a National Security Agency advisor; and, at some point, cut a transponder out of his earlobe that had been placed there by "someone." *Id*. at 776, 229 P.3d at 381. He told law enforcement, and testified in detail at trial, that he was forced under threats, by people involved with his CIA work, to commit the bank robberies and wear a bomb vest while doing so. *Id*. at 780, 229 P.3d at 385. Taking into account "all of the indicia of bizarre notions demonstrated before trial started," we determined there was enough evidence to put the district court on notice that Hawkins' competency was in question and therefore, the district court abused its discretion by failing to sua sponte order a mental evaluation. *Id*. at 782-83, 229 P.3d at 387-88. *Accord Lafferty v. Cook*, 949 F.2d 1546, 1555 (10th Cir. 1991) (holding that although the defendant's behavior at trial was logical and consistent, the trial court erred by finding him competent to be tried for murder given his delusional belief that during a religious revelation he was instructed to "remove" his sister-in-law, her infant child, and two other people).

Here, there is no evidence in the record that McCabe demonstrated any bizarre behavior or delusional characteristics that indicated he may not have been in touch with reality. Making the arguably unwise decision to proceed pro se simply does not reach the threshold that triggers a responsibility on the part of the district court to sua sponte order a mental evaluation to determine a defendant's competency to do so. McCabe has not shown the district court erred by failing to sua sponte order a mental health evaluation to assess his competency.[3]

---

[3] The State's sole response to McCabe's contention in this regard is to argue that by pleading guilty, McCabe waived this issue. In support, the State cites *State v. Al-Kotrani*, 141 Idaho 66, 68, 106 P.3d 392, 394 (2005), where our Supreme Court determined that by unconditionally pleading guilty, Al-Kotrani waived his right to challenge the district court's determination of his competency. As McCabe points out, however, the Supreme Court premised its decision on several important factors that are not present in this case. In response to Al-Kotrani's argument that an allegedly incompetent defendant should not be held to have waived any rights by entering an unconditional guilty plea, the Supreme Court acknowledged the argument "has some appeal" but that it overlooked two facts: Al-Kotrani was represented by counsel during the proceedings (and there is a strong presumption that counsel's performance was within the wide range of reasonable professional assistance) and the district court had found, after an examination was conducted and a hearing was held, that Al-Kotrani was competent to stand trial. *Id*. at 69-70, 106 P.3d at 395-96. Thus, we are not convinced that *Al-Kotrani* precludes McCabe's appeal of this issue.

## B. Motion to Withdraw Guilty Plea

McCabe also contends the district court erred by denying his motion to withdraw his guilty plea and the accompanying motion for a retroactive competency evaluation. Specifically, he contends his guilty plea was not knowing, intelligent, and voluntary because his long-term use of methamphetamine rendered him incompetent when he pled guilty. He also argues the district court's denial of his Idaho Criminal Rule 33(c) motion was premature because the court failed to grant his motion for a retroactive competency determination.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to insure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). Manifest injustice will be found if the plea was not taken in compliance with the constitutional due process standards requiring that a guilty plea be entered into voluntarily, knowingly, and intelligently. *State v. Heredia*, 144 Idaho 95, 98, 156 P.3d 1193, 1196 (2007).

The district court denied McCabe's motion to withdraw his guilty plea upon determining McCabe's plea was knowing, voluntary, and intelligent and that the record disproved McCabe's contention that he was in a drug-induced state during the entry of the plea. The district court noted that at the change of plea hearing, when asked by the court if he was under the influence of any drugs or alcohol, McCabe said no. McCabe likewise denied that he was taking any medication that would affect his ability to make a reasoned or informed decision. Additionally, the court noted it had observed McCabe's demeanor, behavior, and responses to the court's

questions at the hearing, none of which indicated that McCabe was under the influence, and noted the content of an affidavit submitted by an officer who observed McCabe at the time:

> Officer Summers in his Affidavit states he has had previous encounters with the defendant and that he is trained in recognizing whether an individual may be under the influence of controlled substances and states he was present when the defendant was engaged in plea negotiations with the prosecutor and that his observations of the defendant did not indicate that the defendant was under the influence of a controlled substance.

An examination of the record does not convince us that the district court abused its discretion in determining McCabe's guilty plea was knowing, voluntary, and intelligent and not influenced by a drug-induced state. As the district court pointed out, at the plea colloquy the court asked a series of questions to ensure McCabe voluntarily entered the guilty plea, addressing specifically whether McCabe was under the influence of drugs, alcohol, or medication that would affect his ability to make an informed decision. Additionally, the court had the opportunity to observe McCabe's demeanor, behavior, and answers at the hearing to determine his competence and rational understanding of the proceedings. *See Workman v. State*, 144 Idaho 518, 528, 164 P.3d 798, 808 (2007) (noting the court had recorded its personal observations when taking the defendant's guilty plea that "throughout the hearing, Workman answered the Court's questions appropriately; moreover, he exhibited no behavior that indicated an inability to concentrate or an impairment of his motor or cognitive skills"). The court's determination that McCabe's answers indicated he was able to voluntarily enter a plea is borne out by our review of the transcript which indicates largely appropriate responses by McCabe, some of which we discussed in detail above.[4] Finally, the district court relied on a sworn affidavit indicating that McCabe did not appear to be under the influence at the time. Given this evidence, the district court did not abuse its sound discretion in determining that the plea was

---

[4] For the first time in his Reply Brief, McCabe characterizes certain additional statements and arguments made by him in various contexts as "odd," "disjointed," and "delusional," and indicative of incompetency to enter a guilty plea. Upon an examination of the record, we are not convinced any of these examples indicate a detachment from reality that would render his guilty plea constitutionally suspect.

9

voluntary and that no manifest injustice would occur if McCabe was prohibited from withdrawing it.[5]

## III.

## CONCLUSION

The district court did not abuse its discretion by failing to sua sponte order a mental health evaluation to determine McCabe's competency to represent himself and by denying his post-sentencing motion to withdraw his guilty plea. McCabe's judgment of conviction for possession of a controlled substance, and attendant sentencing enhancement, entered upon his guilty plea is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR**.

---

[5]     McCabe fails to support his additional contention, that the district court's denial of his motion to withdraw his guilty plea was "premature" because it did not grant his motion for a retroactive competency determination, with any authority. Thus, we will not address it further. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that a party waives an issue on appeal if either authority or argument is lacking).